# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EDGAR VALENTIN SIS-GARCIA,

    Petitioner,

v.                                                               No. 1:26-cv-00313-WJ-SCY

PAM BONDI, Attorney General of the United States;
KRISTI NOEM, Secretary, United States Department of
Homeland Security;
TODD LYONS, Acting Director of U.S. Immigration
and Customs Enforcement;
MARISA FLORES, Director, El Paso Field Office of
Immigration and Customs Enforcement;
GEORGE DEDOS, Warden, Cibola County Detention
Center,

    Respondents.

## ORDER TO ANSWER

This matter is before the Court on Petitioner Edgar Valentin Sis-Garcia's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is detained at the Cibola County Detention Center (Doc. 1 at 1). Petitioner states he is a citizen of Guatemala. He has lived in the United States since 2012 and has a pending asylum application. He was arrested and taken into ICE custody on January 10, 2026 in Minnesota. (Doc. 1 at 4). He has an in-person immigration hearing set in Minnesota on March 20, 2026. (Doc. 1 at 5). Petitioner seeks immediate release, return to Minnesota, or a bond hearing. (Doc. 1 at 12-13).

Having reviewed the record, the Court finds the alleged facts raise a colorable claim for relief. *See Melchor-Rios v. Ortiz, et al.*, 2:25-cv-1055 WJ-GJF (concluding the petitioner's detention was governed by 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and ordering Respondents

to provide a bond hearing or release the petitioner); *Briceno-Sanchez v. Dedos, et al.*, 2:25-cv-1054 WJ-GBW (same).  The Clerk's Office has electronically served the Petition on Respondents via CM/ECF.  *See* Doc. 2.  The United States Attorney's Office (USAO) shall answer the Petition within ten (10) days of entry of this Order.  *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).[1]  The answer should address the merits of Petitioner's claim and show cause why the requested relief should not be granted.  Any response filed by Respondents must demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings.  Petitioner may file an optional reply within ten (10) days after the answer brief is filed.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing in accordance with its prior rulings on this issue.

**IT IS ORDERED** that the USAO shall **ANSWER** the Petition within ten (10) days of entry of this Order and show cause why the requested relief should not be granted.  If Petitioner wishes to file an optional reply, he must do so within ten (10) days after Respondents' response is filed.

/s/
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] To the extent applicable and pursuant to the authority granted by Rule 1(b) of the Rules Governing 2254 Cases in the United States District Court and Standing Order 26-mc-0004-03, the Court will apply the Rules Governing Section 2254 cases in this proceeding.