IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

EDGAR VALENTIN SIS-GARCIA,

     Petitioner,

v.                                                          No. 1:26-cv-00313-WJ-SCY

TODD BLANCHE, Attorney General of the United States;
MARKWAYNE MULLIN, Secretary, United States Department of
Homeland Security;
DAVID VENTURELLA, Director of U.S. Immigration
and Customs Enforcement;
MARY DE ANDA-YBARRA,
ICE Field Office Director, Detention and Removal;
MARISA FLORES, Director, El Paso Field Office of
Immigration and Customs Enforcement;
GEORGE DEDOS, Warden, Cibola County Detention
Center,[1]

     Respondents.

## MEMORANDUM OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS ORDERING PROMPT RELEASE

THIS MATTER comes before the Court upon Petitioner Edgar Valentin Sis-Garcia's

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  **[Doc. 1]**.  Petitioner, a citizen

of Guatemala, represents that he entered the United States without inspection in 2012 and has

since resided in Minnesota with his wife and children.  **[Doc. 1 at 2, 3, 4]**.  Petitioner claims he

was arrested without a warrant on his own property in Lakeville Minnesota and placed into the

custody of Immigration and Customs Enforcement on or about January 10, 2026, transported to a

---

[1] The Petition names as Respondents certain officials who no longer hold the relevant positions.  Pursuant to Fed. R. Civ. P. 25(d) and Administrative Order No. 26-MC-00004-03 of this Court, the Court substitutes the proper respondents.

detention center in Cibola County, New Mexico.  **[Doc. 1 at 4-5]**.  Petitioner is presently detained at Cibola County Detention Center.  **[Doc. 1 at 3].**

Petitioner has a pending application for Asylum. **[Doc. 1 at 4]**.  A bond hearing was held and the Immigration Judge denied bond on the grounds that the Immigration Court lacked jurisdiction to order bond under 8 U.S.C. § 1225.  The Immigration Judge indicated, however, that if there was jurisdiction, Petitioner would be released on bond because he is not a flight risk or a danger to the community.  **[Doc. 9-1]**.

Petitioner asserts that his detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  He also asserts that his arrest did not comply with the Fourth Amendment.  Petitioner seeks immediate release or a bond hearing pursuant to 8 U.S.C. § 1226(a).  **[Doc. 1 at 13]**.  This Court has jurisdiction under 28 U.S.C. § 2241.

Although Petitioner advances several grounds for relief, the dispositive issue is whether his detention is governed by 8 U.S.C. § 1225 or § 1226.  If Petitioner is properly detained pursuant to § 1226(a), he is entitled to certain procedural protections—"namely, an individualized bond hearing before an [immigration judge]." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025).  If Petitioner is subject to mandatory detention under § 1225(b)(2)(A), as Respondents contend, **[Doc. 8]**, the same procedural protections do not apply.

The United States Court of Appeals for the Tenth Circuit recently addressed this issue in a published, precedential Opinion in in *Santillan Quiroz v. Mullin, et al.,* ___F.4th___, 26-6019, 2026 WL 1876709 (10th Circuit June 30, 2026), concluding that individuals who, like Petitioner, entered the United States long ago and presently reside here are detained pursuant to § 1226 and

are therefore entitled to an individualized bond determination before an immigration judge.  *See also Melchor-Rios v. Ortiz*, No. 2:25-cv-01055-WJ-GJF, 2025 WL 3764775, at *2 (D.N.M. Dec. 30, 2025); *Gutierrez v. Garcia*, No. 2:25-cv-001145-WJ-KRS, 2026 WL 310064, at *3–5 (D.N.M. Feb. 5, 2026) (concluding that § 1226, not § 1225, applies to noncitizens' detention after presence in the United States for years).  The Court finds no material distinction between the circumstances presented in the *Santillan Quiroz* case and those presented here.

Petitioner has been in the United States since 2012.  **[Doc. 1 at 3].**  An Immigration Judge has already determined that Petitioner is not a flight risk or a danger to the Community.  **[Doc. 9-1]**.  Therefore, based on the holding in *Santillan Quiroz*, the Court will not order an additional bond hearing but, instead, will order Petitioner's immediate release.

IT IS THEREFORE ORDERED that the Petition is **GRANTED**. Respondents **SHALL** immediately release Petitioner from custody consistent with the terms of the Order of the Immigration Judge **[Doc. 9-1]**.  Counsel is instructed to file a status report within **twenty-one (21) days** regarding Petitioner's release from custody.  If no status report is filed within **twenty-one (21) days** after entry of this Order, the Court may enter final judgment dismissing this case without further notice.

/s/_____

 WILLIAM P. JOHNSON
 SENIOR UNITED STATES DISTRICT JUDGE